IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

JERRY LEE LEWIS, JUDITH LEWIS
AND JERRY LEE LEWIS, III                                                          PLAINTIFFS

v.                                                        CIVIL ACTION NO. 3:17CV180-NBB-RP

HOWARD EZEKIEL LOFTIN, et al.                                                  DEFENDANTS

### ORDER DENYING SECOND MOTION
### TO SUBMIT DOCUMENTS UNDER SEAL

Defendants Howard Ezekiel Loftin and Phoebe Lewis Loftin ("Lewis/Loftin defendants") seek an order permitting the Complaint and "that portion of the record from the Chancery Court of Desoto County, Mississippi that contains the Verified Complaint, to be filed under seal." Docket 9, p. 1. Plaintiffs have not responded to the Motion, but in any event Local Uniform Civil Rule 79(d) states that "[n]o document may be sealed merely by stipulation of parties." Additionally, time is of the essence as defendants must docket the state court record within fourteen (14) days of removal.

The Lewis/Loftin defendants assert that the sealing of the Complaint is necessary because a protective order and a seal order entered in the Western District of Tennessee in a separate case that has been dismissed require sealing. They further assert that "[i]t is likely that submission of said Verified Complaint and state court record (which is *not* currently sealed in Desoto County Chancery Court) without a seal order in place in this Court would violate the orders in the Western District of Tennessee because the Verified Complaint is substantially the same as the proposed amended complaint that is under seal in the Western District of Tennessee." Docket 9, p. 2. The Lewis/Loftin defendants assert that "[s]ealing is necessary for consistency with and to

effectuate the prior orders of the Western District of Tennessee." *Id.* at 3. They further assert that public disclosure of the facts alleged in the Complaint would "severely prejudice the rights and damage the reputations of some of the parties . . ." *Id.* at 4.

In support of their motion, the Lewis/Loftin defendants cite *EEOC v. Faurecia Automotive Seating, LLC* which noted that "[b]ecause the public's interest in nondispositive matters is relatively low, a party seeking to seal a document attached to a nondispositive motion or outcome need only demonstrate good cause." 2017 WL 564051, *1 (N.D. Miss. Feb. 10, 2017). However, whereas the *Faurecia* case concerned the sealing of an exhibit to a motion that contained the names and addresses of twenty-five non-parties and the seal order protected against the disclosure of personal information, the documents the Lewis/Loftin defendants seek to seal include the very Complaint itself, which can hardly be considered nondispositive. Further, the *Faurecia* case noted that "[i]n considering whether to grant a motion to seal, there is a 'presumption in favor of the public's access to judicial records . . ." The decision whether to order judicial records sealed is committed to the sound discretion of the district court, which must 'balance the public's common-law right of access against the interests favoring nondisclosure.'" *Id.*; citing *SEC v. Van Waeyenberghe*, 990 F.2d 845, 848-49 (5th Cir. 1993).

The Lewis/Loftin defendants assert that "if the Verified Complaint and that portion of the state court record containing the Verified Complaint are subject to the previous protective and seal orders, those orders would be *res judicata* and/or collateral estoppel on the issue of whether the documents should be sealed." Docket 9, p. 4. However, *res judicata* or claim preclusion is a bar to claims resolved in a prior judgment – not a bar to a procedural ruling on a nondispositive request. Similar to *res judicata* is collateral estoppel or issue preclusion. The Fifth Circuit has

2

held that

> [f]ederal common law permits the use of collateral estoppel upon a showing of three necessary criteria:
> (1) that the issue at stake be identical to the one involved in the prior litigation;
> (2) that the issue has been actually litigated in the prior litigation; and
> (3) that the determination of the issue in the prior litigation has been a critical and necessary part of the judgment in that earlier action.

*Hicks v. Quaker Oats Co.*, 662 F.2d 1158, 1166 (5th Cir. 1981). It is clear that the determination of whether to seal the Amended Complaint in the case dismissed by the Western District of Tennessee was not a critical or necessary part of the judgment. Therefore, collateral estoppel does not apply to the issue of sealing the Complaint.

Compelling reasons must be shown to seal judicial records and the "compelling reasons" standard is applied even if the document at issue was previously filed under seal or protective order. *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006). While the Lewis/Loftin defendants may have demonstrated compelling reasons in the Western District of Tennessee, they have not done so in this case. The only reason offered, other than consistency with a prior order of a different court, is that "public disclosure of the facts giving rise to the action would and the allegations made against the Defendants, however, severely prejudice the rights and damage the reputations of some of the parties, to no end." Docket 9 at 3-4. It is unclear exactly which "rights" of the defendants would be prejudiced, and the fact that the reputation of one or more of the parties might be damaged by the litigation is a common occurrence in civil litigation and is insufficient to overcome the public's common law right of access to documents. Therefore, the Second Motion to Seal Documents is DENIED. The documents required for proper removal must be docketed by Thursday, October 5, 2017 as

required by Local Uniform Civil Rule 5(b).

This, the 3rd day of October, 2017.

/s/ Roy Percy
UNITED STATES MAGISTRATE JUDGE