IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

JERRY LEE LEWIS, JUDITH LEWIS,
and JERRY LEE LEWIS, III                                                               PLAINTIFFS

V.                                              CIVIL ACTION NO. 3:17-CV-00180-NBB-RP

EZEKIEL ASA LOFTIN, XII,
PHOEBE LEWIS-LOFTIN, individually and as successor in interest to
PONT NEUF, INC., a Mississippi corporation,
PONT NEUF, INC., a Tennessee corporation,
and PONT NEUF, an unincorporated legal entity                                          DEFENDANTS

EZEKIEL ASA LOFTIN, XII, and
PHOEBE LEWIS-LOFTIN                                                            COUNTER-PLAINTIFFS

V.

JUDITH LEWIS and
JERRY LEE LEWIS, III                                                            COUNTER-DEFENDANTS

## ORDER

This cause comes before the court upon Defendants' motion for partial summary judgment and Plaintiffs' motion to defer consideration of Defendants' motion for partial summary judgment. Upon due consideration of the motions, responses, and applicable authority, the court finds as follows:

Plaintiff Jerry Lee Lewis and his daughter, Defendant Phoebe Lewis-Loftin, entered into a Management Agreement on July 3, 2002. Pursuant to the agreement, Phoebe managed all of Jerry Lee's business affairs with respect to the entertainment and music industry. A decade later, in March of 2012, Jerry Lee advised Phoebe that he intended to terminate the management agreement.

Both parties subsequently retained counsel and began negotiating a final severance and formal termination of the agreement. Those negotiations, however, proved unsuccessful. Notwithstanding this fact, Phoebe has not managed Jerry Lee's business affairs since July of 2012, nor has Jerry Lee received any income or earnings from her since that time. On August 11, 2017,

Plaintiffs filed the instant suit and assert numerous claims including eleven "financial" causes of action stemming from the aforementioned father-daughter business relationship.

Defendants now move for partial summary judgment and argue that all of these "financial" causes of action are time-barred. According to Defendants, these claims accrued on March 10, 2012, the date Jerry Lee advised Phoebe that he intended to terminate the Management Agreement. Under Mississippi law, each of these claims is subject to either a one-year or three-year limitations period. *See* Miss. Code Ann. §15-1-49 (three-year statute of limitations which applies to claims of declaratory judgment, breach of fiduciary duty, breach of contract, unjust enrichment, accounting, conversion, constructive fraud, fraud/misrepresentation, and constructive fraud); Miss. Code Ann. § 15-1-35 (one-year statute of limitations period which applies to civil conspiracy). Thus, Defendants argue that the limitations period for these claims expired, at the very latest, on March 10, 2015.

In response, Plaintiffs have filed a motion to defer consideration of Defendants' motion and ask that they be allowed additional time to take discovery. "To obtain a continuance of a motion for summary judgment in order to obtain further discovery, a party must indicate to the court . . . how the additional discovery will create a genuine issue of material fact." *Krim v. BancTexas Group Inc.*, 989 F.2d 1435, 1442 (5th Cir. 1993). Such motions "are broadly favored and should be liberally granted." *Culwell v. City of Fort Worth*, 468 F.3d 868, 871 (5th Cir. 2006) (citing *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1266-67 (5th Cir. 1991)).

In moving to defer consideration, Plaintiffs emphasize that discovery in this case just recommenced in February. Since that time, Plaintiffs have made certain discovery requests which have yet to be responded to by Defendants. Plaintiffs further contend that Defendants have committed, and continue to commit, repeated acts of wrongful conduct and that, consequently, the continuing wrong doctrine applies to toll of the statutes of limitations for their claims.

According to Plaintiffs, they require additional time to conduct discovery to fully ascertain the depth of Defendants' alleged wrongful conduct and its continuing nature. For example, Plaintiffs argue that needed discovery will demonstrate that Defendants continue to wrongfully receive income from two contracts for the payment of certain royalties due to Jerry Lee. Plaintiffs additionally assert that evidence exists proving that Defendants continue to wrongfully spend money that belongs to Jerry Lee for their own personal benefit, such as purchasing real estate, vehicles, and cosmetic surgery. Plaintiffs further contend that Defendants continue to take fraudulent actions to hide property and funds belonging to Jerry Lee.

After due consideration, the court is persuaded that permitting additional discovery will aid Plaintiffs in responding to Defendants' arguments for summary judgment. The court further finds it important to note that Defendants have filed a counter-claim against Plaintiffs, asserting several causes of action premised solely on the business arrangement between Jerry Lee and Phoebe. Like Plaintiffs, Defendants also allege continuing wrongful conduct. Thus, the court believes it would be unfair under these circumstances to allow one side to continue to take discovery while prohibiting the other.

For these reasons, the court finds that Defendants' motion for partial summary judgment as presented is not well-taken and is, therefore, **DENIED**. The court further finds that Plaintiffs' motion to defer consideration is well-taken and is, therefore, **GRANTED**. Accordingly, Plaintiffs shall be afforded a reasonable opportunity to conduct discovery and Defendants may choose to re-urge their motion at a later date.

**SO ORDERED AND ADJUDGED** this, the 21st day of May, 2018.

/s/ Neal Biggers
**NEAL B. BIGGERS, JR.**
**UNITED STATES DISTRICT JUDGE**